**Thomas SHARPE, M.D.,**
**Plaintiff–Appellant,**

v.

**MEDICAL MALPRACTICE IN-**
**SURANCE ASSOCIATION,**
**Defendant–Appellee.**

**No. 00–7694.**

United States Court of Appeals,
Second Circuit.

Jan. 12, 2001.

Thomas Sharpe, Gouveneur, NY, pro se.

Daniel M. Schiavetta, Murphy & Higgins, New York, NY, for appellee.

Present FEINBERG, SOTOMAYOR and KATZMANN, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge* ), it is hereby

ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Thomas Sharpe, M.D., appeals from the judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge* ), dismissing his complaint *sua sponte* for lack of subject matter jurisdiction. The complaint sought to have the Medical Malpractice Insurance Association replace Sharpe's appointed counsel in a state medical malpractice proceeding.

Courts have an obligation to ensure that they have subject matter jurisdiction. *See Alliance of American Insurers v. Cuomo*, 854 F.2d 591, 605 (2d Cir.1988) (stating that "a challenge to subject matter jurisdiction cannot be waived and may be raised *sua sponte* by the district court."). The district court was correct in finding that Sharpe's case neither presents a federal question nor comes within the diversity jurisdiction of the federal courts.

Sharpe argues that his case presents a claim under 42 U.S.C. § 1983. This claim was not presented below and, therefore, is waived. *See Singleton v. Wulff*, 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976). In any event, Sharpe's complaint fails to allege that he was deprived of a constitutional right by a party acting under color of state law, a necessary element of such a claim.

We have considered Sharpe's remaining arguments and find them to be without merit. We dismiss his motion to this Court for an injunction as moot. Accordingly, the order of the district court is AFFIRMED.